HARDY, Justice.
This is a suit in which plaintiff seeks judgment in the sum of $2,633.19 to which he alleges himself to be entitled as the balance of the proceeds of a sale of certain real estate made by 'him as owner thereof. The defendants are named as Lawrence L. May & Son, a commercial partnership, Lawrence L. May, Sr. and Lawrence L. May, Jr., the individual members thereof; Helen R. Lee, an employee of said partnership; and Charles W. Frazier, the purchaser of the property in question.
Plaintiff, Joel C. Box, alleges that he was the owner of certain particularly described property in Bossier Parish, Louisiana, on which was located- a combination home and store building; that defendant, Charles W. Frazier, was interested in the purchase of the property and that the consideration and terms were agreed upon as being a total purchase price consideration of $4,250, upon - which plaintiff was to allow the said Frazier a credit of $500 for certain work and installations to be performed and made by the latter. The balance of $3,750 was to be paid $1,400 in cash and $2,350 to be represented by vendor’s lien mortgage. It was contemplated between the -parties, and -unquestionably the consummation of the negotiations was predicated upon negotiating the vendor’s lien note and the payment -of the principal sum thereof, namely $2,-.350, to plaintiff, the vendor.
On or about March 29, 1948, plaintiff and ■the defendant, Frazier, contacted the defendant, Miss Helen R. Lee, manager of -the large loan department of Lawrence L. May & Son. They were introduced by Miss Lee to Mr. May, Sr., whom they acquainted with their desire to negotiate a loan on the Bossier Parish property. Mr. May was receptive to the proposition and on the morning of March 30, 1948, he and Miss Lee personally inspected the property for the purpose of appraisal and promptly advised the parties that the loan -could be handled. Thereupon Box and Frazier repaired to the offices of the May Company, where Miss Lee, a Notary Public, prepared a credit deed reciting a consideration of $4,250, payable $1,900 cash and the balance of $2,350 in one note of the purchaser, the detailed provisions of which note are immaterial to the matters here under consideration. The credit deed was signed by plaintiff, Box, who shortly thereafter left the May offices for the purpose of returning to his work in the employ of the Texas & Pacific Railway Company at or near Boyce, Louisiana.
The credit deed, as yet unexecuted by the vendee, Frazier, was left in the possession and custody of Miss Lee. It is undisputed that Miss Lee at the time was acting in a dual capacity, as Notary Publi-c and as an employee of the May concern, charged with the proper preparation and brokerage of the vendor’s lien note and distribution of the proceeds thereof.
The processing of the transaction, that is the examination of title, etc., was completed in the course of a reasonable period of time upon which defendant, Frazier, the vendee of the property, was notified. On the morning of April 14, 1948 at or about the hour of 9:00 A. M. Frazier presented himself in the May offices and there executed the credit deed before Miss Lee as Notary. Meanwhile Miss Lee had arranged for the brokerage of the note and the purchase thereof by one of the firm’s clients.
Admittedly it had heen agreed that out of the proceeds of the sale a first mortgage note on the property involved, which note was owned by the Peoples Bank & Trust Company of Minden, Louisiana, should be liquidated. Accordingly a check of Lawrence L. May & Son, Agents, in the sum of $1,116.81, payable to the Peoples Bank & Trust Company, was issued on date of April 14, 1948. This check was transmitted in person 'by Miss Lee sometime during *694 the forenoon of April 14th to the Peoples Bank, from which she received delivery of the mortgage note which she presented for cancellation by the Clerk and Ex-Of-ficio Recorder of Mortgages of Bossier Parish at Benton, Louisiana, sometime during the afternoon of the same day.
Coincidentally with the preparation of the check above described another check of Lawrence L. May & Son, Agents, was prepared in the amount of $991.74, which check was made payable to- Orarles W. Frazier, who, it must be borne in mind, was the purchaser of the property.
The facts above narrated in all substantial and . material particulars were either admitted or conclusively established. But other alleged and important facts are subject to such violent dispute that they must be considered in a distinct and separate category.
First, it is to be noted that plaintiff contends that he depended upon the defendant, Helen R. Lee, to protect him by collecting the $1,400 cash consideration from Frazier, the purchaser, in addition to the proceeds of the $2,350 note remaining after the payment of the mortgage note held by the Peoples Bank & Trust Company of Minden. Indisputably the facts are that Miss Lee not only did not collect any cash consideration from Frazier, but that after paying the Peoples Bank & Trust Company she deducted the sum of $241.45, representing various charges, costs, attorney’s fees, a finance fee of $117.15, that is 5% of the total amount, and an insurance premium, and finally, delivered a check in the amount of $991.74, representing the balance after the above deductions from the $2,350 mortgage note, into the possession of Charles W. Frazier. It is further indisputably established that Frazier endorsed the check, which was made payable to him, and converted a substantial portion of the funds received to his own use and delivered nothing to Box.
Surely these incidents, regardless of responsibility therefor, compounded a tragedy of errors by reason of which this plaintiff, who was originally the owner of the property, appears to have been the only sufferer, for the result of the entire transaction was that Box was divested of title to his property and the sole benefit which he received therefrom was the payment of an obligation to the Minden Bunk slightly in excess of $1,000. Otherwise no benefit accrued to him from the purported consideration of $4,250.
It is further established without dispute that the May client, one Balistrella, the-purchaser of the Frazier mortgage note, receiving no payments from Frazier, foreclosed upon the subject property. Additionally it appears that certain repair and material liens had been filed against the property representing amounts -due for the very work for which Frazier had received the $500 concession on the purchase price from Box.
Plaintiff predicated his claims for recovery from the several party defendants involved; against Helen R. Lee on the ground of a breach of trust; against Lawrence L. May & Son, Lawrence L. May, Sr. and Lawrence L, May, Jr., as the principals, for whom Miss Lee was the agent and employee, and, of course, against Frazier on the ground of total failure of consideration.
After trial on the merits there was judgment rejecting plaintiff’s claims against all parties defendant save and except Charles W. Frazier, who did not contest plaintiff’s claims, and against whom judgment was rendered in the full sum of $2,633.19. This, judgment against Frazier was made subject to a credit of $991.74 which had been, deposited in the Registry of the Court,, prior to judgment, by Frazier.
Briefly, the defense asserted is based upon the denial of any fiduciary relationship with respect to the plaintiff Box, and, more specifically, denial of any agreement with respect to the collection of the so-called' cash portion of the purchase price of the property as recited in the deed.
The testimony bearing upon this, point is-so hopelessly conflicting as to be utterly irreconcilable. Notwithstanding this fact, certain phases of the disputed points are open to ready solution. We have had no-difficulty in concluding- that Miss Lee delivered the proceeds remaining from the negotiated note, after deductions, to Frazier *695 without any authority from-the vendor, Box. We have carefully noted Miss Lee’s version of the story, namely that she talked to Box by long distance telephone on the morning of April 14, 1948, to advise him that the deal had been closed and that she simply followed his instructions by delivering the balance of the proceeds to Frazier. This -is squarely controverted not only by the testimony of Box -but by the testimony of two witnesses, residents of Boyce, Louisiana, whose depositions are in evidence, to the effect that Box did not talk.by long distance until sometime during the afternoon of the 14th. We can only conclude that Miss Lee’s recollection of the facts was faulty. There are numerous discrepancies in the testimony of many of the witnesses who appeared in this case. It is obvious that Frazier must appear in a most unsavory light by reason of his admitted conversion of funds which belonged to Box. His testimony in many respects is equivocal, and understandably so under the circumstances. Counsel for defendants vehemently attack the credibility of the plaintiff, Box. It is quite true that plaintiff’s testimony in some respects entirely fails to reflect certain facts and incidents which are otherwise definitely established. For example, we seriously question the credibility of plaintiff’s testimony to the effect that sometime after most of these pertinent incidents had transpired, and after he knew that he 'had been defrauded by the defendant, Frazier, he nevertheless took possession of a truck owned by Frazier based upon his agreement to pay $1,800 in cash therefor. The payment, according to the testimony of Box, was not made because the truck was -almost immediately seized while in ¡his possession under the provisions of an existing chattel mortgage or mortgages.
But where so many of the witnesses have been victims of confusion, mistake or uncertainty, we do not think it proper to stigmatize any one of them. Careful examination of the record discloses discrepancies in the testimony of Miss Lee and of Mr. May, Sr., and in instances the testimony of these two witnesses with respect to certain facts is squarely contradictory.
The attempt to predicate a conclusion solely upon the basis of the testimony of the witnesses in this case would be Dan-aid’s work, hopeless and futile. Painstaking consideration of the record convinces us that judgment must be based upon what we regard as the most reasonable conclusions in the light of human experience and understanding. We therefore proceed to a disposition of the several problems. First, we think it -has -been clearly established that Lawrence L. May and Son at the time of the transactions here involved was not a partnership but was simply a trade name for the business of which Lawrence L. May, Sr. was the sole owner. It therefore follows that Lawrence L. May, Jr., who, according to the testimony, was simply a salaried employee and who has not been shown to have had any connection with the incidents involved, must be completely exonerated from any liability. True he did sign the -checks in connection with the proceeds of the negotiated note, but these acts unquestionably were performed under instructions from his superiors and without any independent knowledge or discretion on his part. Obviously it follows that the judgment dismissing plaintiff’s claims against Lawrence L. May, Jr. is correct.
It is equally easy to arrive at a conclusion with respect to the liability of the defendant, Frazier. ■ Plaintiff’s suit seeks recovery of the sum of $2,633.19, which represents the agreed consideration of $3,750, less the amount of $1,116.81 paid to the Peoples Bank & Trust Company of Minden and which was the only consideration received by plaintiff. As we have observed, the defendant, Frazier, made no contest and asserted no defense, for indeed he had none available. Frazier tendered for deposit in the Registry of the Court -on two separate occasions, November 30, 1949, and December 13, 1949, the sums of $800 and $191.74, respectively, which he prayed be credited in the suit against the sum of $991.74 “due by him to the plaintiff, Joel C. Box”.
The District Court rendered judgment in favor of plaintiff and against the defendant, Frazier, in the sum of $2,633.19, subject to the credit of the sum of $991.74 *696 represented by the aggregate amounts of the two tenders noted. We think this judgment was clearly correct in view of the fact that Frazier was not only obligated to Box for the amount represented by the check which he received and converted to his own use, but further for the balance of the purchase price.
This leaves then for our consideration the questions of the liability, vel non, of Helen R. Lee and, as a consequence, of Lawrence L. May, Sr., her employer and principal. Meticulous consideration convinces us that the only ground for any substantial liability as against Miss Lee must rest upon the validity of plaintiff’s contention that she -promised to protect him by Collecting the cash portion of the consideration represented by the deed. Entirely eliminating the conflicting testimony of the witnesses on this point, we think it would be utterly unreasonable to reach a conclusion that such an understanding in fact existed. To begin with it is evident from the history of the negotiations between Box and Frazier prior to the occurrence of the disputed propositions here involved, that Box was thoroughly cognizant of the fact that Frazier did not have sufficient funds wit-h which to discharge the alleged cash portion of the consideration. True we are inclined to believe that Box felt, somewhat vaguely and uncertainly, that Frazier might have sources upon which he could call for these funds. Nonetheless it is evident, even if he be given the benefit of every possible doubt or question, that plaintiff has completely failed to prove the alleged agreement by a preponderance of the testimony.
These findings of fact would dispose of the entire case were it not for one rather insignificant item, that is the charges and costs in connection with the negotiation of the note which were deducted by the May organization from the proceeds of the note, which unquestionably should have accrued in and entirely to the credit of plaintiff, Box. Again the agreement or the understanding with reference to this point is clouded with uncertainty and confused by .the contradictory testimony of the witnesses. But we think that a consideration of all of the testimony on this point is clearly indicative of the fact that while Box consented to help Frazier with the costs and charges he never agreed, by any possible stretching of this intent, to pay the charges made by the May organization as a fee for the brokerage of the note, that is the sum of $117.50 representing the so-called financing fee of 5% on the sum of $2,350-, which was the principal amount of the note. Certainly Miss Lee was charged under the circumstances with protecting Box in the collection of this charge, for even according to -her own testimony Box had not agreed to pay this item. It follows that Miss Lee and Lawrence L. May, Sr. should be held liable to this extent. In view of the fact that the payment of this brokerage, fee was an obligation of defendant, Frazier, justice requires that the defendants, Lee and May be protected by judgment against the defendant, Frazier.
For the reasons assigned the judgment appealed from is reversed and set aside and it is now ordered, adjudged and-decreed that there be judgment in favor of plaintiff, Joel C. Box, and against the defendant, Charles W. Frazier, in the full sum of $2,-633.19 with 5% per annum interest thereon from date • of judicial demand until paid, subject, however, to a credit of the sum of $800 deposited in the Registry of the First Judicial District Court in and for Caddo Parish, Louisiana, on date of November 30, 1949, and an' additional credit in the further sum of $191.74, similarly deposited on December 13, 1949.
It is further ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Joel C. Box, and against the defendants, Helen R. Lee and Lawrence L. May, Sr., in solido, in the sum of $117.50, with interest at the rate of 5% per annum from date of judicial demand until -paid.
It is further ordered, adjudged and decreed that there be judgment in favor of Helen R. Lee and Lawrence L. May, Sr. and against Charles W. Frazier in the full sum of $117.50, together with interest at the rate of 5% per annum from the date of judicial demand until paid.
It is further ordered, adjudged- and decreed that the demands of plaintiff, Joel C. *697 Box, against Lawrence L. May, Jr., be, and they are hereby, rejected.
All costs are assessed against the parties cast, that is Charles W. Frazier, Helen R. Lee and Lawrence L. May, Sr., in solido, provided, however, that the said Helen R. Lee and Lawrence L. May, Sr. have judgment for all costs which they have paid or may pay, against the defendant, Charles W. Frazier.